**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STARPOWER HOME ENTERTAINMENT** | § | |
| **SYSTEMS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **Case No. _____** |
| | § | |
| **STELLAR AV, INC. f/k/a STARLIGHT AV,** | § | |
| **INC., SHANE BALA a/k/a SHANKAR** | § | |
| **BALASUBRAMANIAM a/k/a SANKAR** | § | |
| **BALA, and SABRINA BALA,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY
INJUNCTION AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE:

STARPOWER HOME ENTERTAINMENT SYSTEMS, INC., Plaintiff, files this Original Complaint and Application for Preliminary Injunction and Permanent Injunction, complaining of Stellar AV, Inc. f/k/a Starlight AV, Inc., Shane Bala a/k/a Shankar Balasubramaniam a/k/a Sankar Bala, and Sabrina Bala, Defendants, and for causes of action shows as follows:

**PARTIES**

1.      Plaintiff, Starpower Home Entertainment Systems, Inc. is a Texas corporation with its principal place of business located at 15340 Dallas Parkway, Suite 1000, Dallas, Texas 75248.

2.      Defendant Stellar AV, Inc. f/k/a Starlight AV, Inc. is a Texas corporation that can be served with process by serving its registered agent Shankar Balasubramaniam at 4416 Kelly Drive, Richardson, Texas 75082.

3.      Defendant Shane Bala a/k/a Shankar Balasubramaniam a/k/a Sankar Bala (hereinafter referred to as "Shane Bala") is an individual residing in Dallas County, Texas and can be served with process by serving him at his residence at 4416 Kelly Drive, Richardson, Texas 75082.

4.      Defendant Sabrina Bala a/k/a Sabrina Balasubramaniam (herein after referred to as "Sabrina Bala") is an individual residing in Dallas County, Texas and can be served with process by serving her at her residence at 4416 Kelly Drive, Richardson, Texas 75082.

## VENUE AND JURISDICTION

5.      The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1338 because the Plaintiff asserts claims for an injunction pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") relating to ongoing infringement and related to breach of a contract to settle claims pursuant to the Lanham Act.   In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 and §1338(b) because any state common law claims asserted herein are so related to the federal trademark law claims that they form part of the same case or controversy under Article III of the United States Constitution and 15 U.S.C.  § 1051 *et seq.*

6.      The Defendants have sufficient contacts with the state of Texas to subject them to personal jurisdiction in the Northern District of Texas.   Further, the individual Defendants reside in the Northern District of Texas and the Defendant Stellar AV, Inc. f/k/a Starlight AV, Inc.'s principal place of business in in the Norther District of Texas. A substantial part of the events or omissions giving rise to this action have occurred in the Northern District of Texas.

<u>FACTS AND ALLEGATIONS</u>

7.      On March 14, 2014, Plaintiff filed its Original Complaint in Case No.

3:14-cv-00941, styled as *Starpower Home Entertainment Systems, Inc. v. Starlight Av, Inc.* (the

"Infringement Case") asserting claims for federal trademark infringement, federal trademark

dilution, federal unfair competition, infringement under Texas common law, dilution under Texas

law, business disparagement and an application for temporary restraining order, temporary

injunction and permanent injunction. *See* Declaration of David Pidgeon ("Pidgeon Declaration")

attached hereto as Exhibit "A".

8.      These claims related to the following trademarks owned by Plaintiff:

| Service Mark | Registration   No. | Filing Date | Registration Date |
|---|---|---|---|
| Starpower | 2,426,176 | March 5, 1999 | February 6, 2001 |

**Exhibit "B"** attached hereto is a copy of said registration.

The mark given to Plaintiff is for its use in business with respect to the following goods and

services:

IC 037. US 100 103 106. G & S: Installation of home entertainment and electronic
accessories, namely, televisions, projection televisions, stereos, audio receivers,
compact disc players, digital video disc payers, audio cassettes recorders and
players, satellite dishes, satellite transmission receivers and tuners, video cassettes
recorders and players, audio speakers, home surround sound systems, home
automation products, home security systems, telephone systems, home theater
furniture, namely, theater seats, sofas, chairs, tables, and cabinets, and home
lighting.   First use: 1995.   First use in commerce: 1995.

IC 035. US 100 101 102. G& S:   Retail store services featuring home
entertainment and electronic accessories, namely, televisions, projection
televisions, stereos, audio receivers, compact disc players, digital video disc
players, audio cassettes recorders and players, satellite dishes, satellite transmission
receivers and tuners, video cassette recorders and players, audio speakers, home
surround sound systems, home automation products, home security systems,
telephone systems: home theater furniture, namely, theater seats, sofas, chairs,

tables, and cabinets, and home lighting.   First use: 1995.    First use in commerce: 1995.

9.      On May 6, 2015, the parties entered into a Settlement Agreement and Mutual Release (the "Agreement") which settled all of the pending claims in the Infringement Case. *See* Pidgeon Declaration.

10.     The Agreement gave Defendants anywhere from forty-five (45) days to several months (from May 6, 2015 to October 1, 2015) to "phase out" the use of the name Starlight the other items in the Agreement which Plaintiff alleged infringed on Plaintiff's trademark. *See* Pidgeon Declaration at Exhibit "1".

11.     The Agreement binds Shane Bala and Sabrina Bala individually, as they are included in the definition of Starlight, AV. The agreement also specifically is binding upon Shane Bala and Sabrina Bala pursuant to paragraph 1(j). *Id.*

12.     Further, the Agreement binds Stellar, AV as it is included in the definition of Starlight, AV and is binding upon all of Starlight, AV's successors. *Id.*

13.     The Agreement includes the following pertinent language:

Paragraph 1(c): By October 1, 2015, Starlight will shut down and cease to do business or maintain any content on the domain www.starlightav.com. Starlight will be permitted to use a redirect provided the redirect conforms to the following conditions and specifications. The redirect will be handled with a "server-side" redirect reflecting a "301 HTTP response status code."

Paragraph 1(d): Starlight also specifically agrees not to buy or use "Starpower" or any combination of "Star" and "power", "Ed Kellum & Son", "Kellum", "Starfloors" with regards to any search term, search engine or search engine optimization on the internet or with respect to any advertising or marketing. After October 1, 2015, Starlight also agrees not to buy or use "Starlight" or any combination of "Star" and "light".

Paragraph 1(e): Starlight may not use or buy "Starpower", any combination of "Star" and "Power", "Ed Kellum & Son", "Kellum", "Starfloors", and after October

1, 2015, "Starlight" or any combination of "Star" and "light" on its website, social media or any other websites intended to direct traffic to its website in content, meta data, anchor text, Adwords and other digital marketing keywords, video embed, or any other form of content embedding such as iFrame or Facebook Apps.

Paragraph 1(g): After October 1, 2015, Starlight agrees it will not use "Starlight", "Star light", "Star" and "light" in combination, or "Star" or "Power" in combination or "Star" immediately preceding any proper noun in connection with its name or trademark in connection with any current or future business, marketing, advertising (including but not limited to print advertising, advertising on the radio, advertising on television, advertising on the internet, and/or advertising on billboards), promotions, media plans, media campaigns, promotional material, brochures or the like related in any way to the business of "Starlight AV, Inc." or Starlight as defined herein. *Id.*

14.    Prior to October 1, 2015, counsel for Plaintiff contacted counsel for Defendant to remind him of the upcoming deadline and ascertain compliance with the Agreement.

15.    However, after October 1, 2015, Stellar has continued to use "Starlight" and "Star" in combination with "light" in various ways which constitute ongoing infringement and a breach of the Agreement. *See* Pidgeon Declaration.

16.    There are obvious instances of violations of the Agreement, as mentioned below, but there is a definite possibility of other violations of which Starpower is not aware. As such, Plaintiff will need to conduct discovery to see if Defendants are complying with the Agreement.

17.    Such uses include, but are not limited to, using ""Starlight" on signs outside of buildings, specifically on the Stacy's Furniture in Plano, on its Facebook page, and on its Pinterest page. This list of violations is not exhaustive. *See* Pidgeon Declaration at Exhibits "2" – "5".

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:   BREACH OF CONTRACT

18.    Plaintiff re-alleges and incorporates paragraphs 1 through 17 herein.

19.     Plaintiff and Defendants entered into the Agreement whereby Defendants agreed to refrain from using several word combinations, including the use of "Starlight" and the use of "Star" in combination with "light" after October 1, 2015. The Agreement is binding upon Starlight, AV, Inc., its successors and specifically upon Shane Bala and Sabrina Bala individually.

20.     Plaintiff has fully performed under the Agreement but Defendants have failed to perform under the Agreement and have violated and are continuing to violate the Agreement by not complying with its terms.

21.     For example, and as mentioned above, Defendants have continued to use the word "Starlight" as well as "Star" in connection with "light" past the date of October 1, 2015, including, but not limited to, on the outside of the Stacy's Furniture in Plano, Texas, on Defendants' Facebook page and on their Pinterest   page.

22.     Such failures to perform and ongoing violations are a material breach of the Agreement and constitute ongoing infringement of Plaintiff's trademark.

23.     Such material breaches have caused Plaintiff damages.

24.     Pursuant to paragraph 8(a) of the Agreement, Plaintiff seeks the recovery of its attorney's fees incurred in pursuing this action.

### SECOND CAUSE OF ACTION:   APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

25.     Plaintiff re-alleges and incorporates paragraphs 1 through 24 herein.

26.     As shown above, Plaintiff has a probable right of recovery in this action.  In addition, imminent and irreparable injury or harm will occur to Plaintiff before the trial of this cause if a temporary restraining order and a temporary injunction are not entered by the Court to protect Plaintiff.

27.     More specifically, if Defendants are allowed to continue to use the name "StarLight" and/or "Star," in combination with "light", Plaintiff will continue to suffer damage to its reputation and sustain a loss of good will associated with Plaintiff's use of its mark.   Plaintiff will likewise continue to suffer a diversion and confusion among its customers and potential customers and will have increased difficulty in controlling and protecting its mark.   This type of harm will be imminent and immediate and is irreparable because it cannot easily be cured by monetary damages in that it is unlikely that Plaintiff will have any reasonable means of precisely measuring its damages since it will be hard to determine the frequency of confusion, the source of the confusion, the amount of business that has been lost on account thereof, the identity of those who have been confused or misled, and the overall damage to Plaintiff's good will and reputation as a result thereof.

28.     Lastly, a balancing of the equities would show that the injunctive relief sought would far outweigh any prejudice or harm to the Defendants and would serve the public interest by ensuring that the public receives accurate information and identification of the nature, source, origin and sponsorship of the goods and services being provided and would eliminate and reduce the potential for confusion and mistake in the market place.   Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff injunctive relief in the form of a preliminary injunction and permanent injunction, all of which order at least as follows:

a)   That Defendants will comply with the terms of the Agreement;

b)   That Defendants, their agents, servants, employees and those acting in concert with Defendants, be enjoined and restrained from directly or indirectly using the name "StarLight", "Star" in combination with "light" or any other mark, word, or name similar to Plaintiff's mark which is likely to cause confusion, mistake or to deceive the public;

    c)   That all labels, signs, packaging, advertisements, displays or prints in possession of Defendants bearing the name or mark, "StarLight" or "Star" be destroyed or delivered up; and

    d)   That Defendants, their agents, servants, employees and those acting in concert with them be restrained and enjoined from directly or indirectly engaging in unfair competition as alleged herein.

29.    To the extent necessary and as the Court deems appropriate, Plaintiff is willing to post a bond or other security in connection with this request for injunctive relief.

## JURY DEMAND

30.    Plaintiff requests that a jury be empaneled to try all fact issues in this case.

***For the reasons stated above***, Plaintiff, Starpower Home Entertainment Systems, Inc. prays that upon final or interim hearing, that judgment be entered awarding Plaintiff the following:

1.    The injunctive relief requested herein including a temporary injunction and permanent injunction;

2.    An award of its reasonable and necessary attorney's fees;

3.    Costs of court; and

4.    Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

_/s/ Robert L. Chaiken_
Robert L. Chaiken
State Bar No.   04057830
rchaiken@chaikenlaw.com
Attorney-in-Charge
Carrie P. Kitner
State Bar No. 24074921
ckitner@chaikenlaw.com

**Chaiken & Chaiken, P.C.**
Legacy Town Center III
5801 Tennyson Pkwy., Suite 440
Plano, TX 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

**ATTORNEYS FOR PLAINTIFF**